UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FARD A.R. DICKERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1972** |
| **WARDEN EDWARD DUSTIN BICKHAM** | **SECTION: F** |

**O R D E R**

Petitioner, Fard A.R. Dickerson, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2012 state criminal judgment.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same state criminal judgment. That petition was dismissed with prejudice. Dickerson v. Cain, Civ. Action No. 14-1247, 2015 WL 10323197 (E.D. La. Dec. 4, 2015), adopted, 2016 WL 687634 (E.D. La. Feb. 19, 2016). The United States Fifth Circuit thereafter denied his related motion for a certificate of appealability. Dickerson v. McCain, No. 16-30211, 2017 WL 6029095 (5th Cir. Apr. 6, 2017).

In 2018, petitioner filed another petition for writ of habeas corpus related to this same state criminal judgment. The Court construed that petition in part as a motion for authorization for the District Court to consider the second or successive claims raised therein and transferred it to the United States Fifth Circuit Court of Appeals. Dickerson v. Edwards, Civ. Action No. 18-5641 (E.D. La. June 18, 2018). The Court of Appeals denied authorization. In re Dickerson, No. 18-30738 (5th Cir. July 16, 2018).

1

In 2019, petitioner then filed yet another petition for writ of habeas corpus related to this same state criminal judgment. The Court also construed that petition in part as a motion for authorization for the District Court to consider the second or successive claims raised therein and transferred it to the United States Fifth Circuit Court of Appeals. <u>Dickerson v. Louisiana State Department of Public Safety and Transportation</u>, Civ. Action No. 19-1313 (E.D. La. Feb. 20, 2019). The Court of Appeals dismissed that motion. <u>In re</u> <u>Dickerson</u>, No. 19-30132 (5th Cir. Apr. 1, 2019).

The petition presently before the Court is likewise a second or successive petition as described in 28 U.S.C. § 2244. Accordingly, in order to overcome the prohibition against the filing of a second or successive claim under that section, petitioner must establish one of the following exceptions:

    1)     the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the instant petition can be considered on the merits by this District Court, petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that

appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as he obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that the petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this nineteenth day of November, 2021.

_____
**MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE**